In re BALENSI.

(Circuit Court, S. D. New York. January 10, 1903.)

1. EXTRADITION—EMBEZZLEMENT—TREATIES.

Where defendant subscribed for one share of the stock of a French corporation, and agreed with the other subscribers to devote his entire time to the management of the corporation's affairs, and in consideration of his services receive 40 per cent. of the profits, he was a person "hired or salaried" by the corporation, within French extradition treaty, authorizing extradition for embezzlement by any person or persons, hired or salaried, to the detriment of their employers, etc.

This is an application to review the decision of the United States Commissioner holding the petitioner subject to extradition under the treaty between the United States and the republic of France.

David E. Anthony, for petitioner.
Coudert Bros., opposed.

LACOMBE, Circuit Judge. The treaty describes the offense for which it is sought to extradite the petitioner as follows: "Embezzlement by any person or persons, hired or salaried, to the detriment of their employers, when these crimes are subject to infamous punishment." The testimony tends to show that he appropriated to his own use moneys deposited with a corporation, to wit, the Société Francaise de Banque et de Change, and stock delivered to it to be sold, to a very large amount. The corporation was formed pursuant to the provisions of the French law for the purpose of carrying on a banking business and also the business of stockbrokers. The capital stock was $50,000, divided into shares of the par value of $100 each, the liability of the members being limited to the amount of their subscription. The petitioner subscribed to one share of the stock, and the other subscribers agreed that he should devote his entire time and attention to the management of its affairs, and that in consideration of the services to be rendered by him he should receive 40 per cent. of the profits. His position may fairly be described as that of a person hired or salaried by the corporation of which he was a stockholder, the amount of his salary varying with the profits; and therefore his alleged offense is within the definition of the treaty. Provisions with regard to the extradition of aliens are no longer conducted with the extreme technicality which once prevailed. Matter of Neely (C. C.) 103 Fed. 631; Grin v. Shine, 23 Sup. Ct. 99, 47 L. Ed. ——.

The writ is dismissed.